UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,<br><br>                    Plaintiff,<br><br>    -against-<br><br>STOUT RISIUS ROSS, INC.,<br><br>                    Defendant. | Civil Case No.: 1:20-cv-02505-LLS-KHP<br><br>**ANSWER** |

Defendant Stout Risius Ross, Inc. (currently known as Stout Risius Ross, LLC) ("Stout"), by its attorneys, for its Answer to the Complaint of plaintiff Wilmington Trust, N.A., successor to Wilmington Trust Retirement and Institutional Services Company ("Wilmington"), alleges as follows, in numbered paragraphs corresponding to the numbered paragraphs in the Complaint:

**NATURE OF THE DISPUTE**

1. Admits.

2. Admits that Wilmington, as trustee, engaged Stout to provide certain financial advisory services, and more specifically, to provide a fairness opinion regarding the transaction under consideration by Wilmington (the "Transaction"), and refers to the contract between Wilmington and Stout, effective October 25, 2013 (the "Agreement") for a full and accurate statement of the terms of the agreement between Wilmington and Stout.

3. Admits.

4. Admits, except refers to the Agreement and the law for the limitations on Wilmington's ability to rely on Stout's opinions.

5. Admits, except denies that Stout "assured" Wilmington.

6. Admits, except denies that Stout "assured" Wilmington.

7. Denies, except admits that the United States District Court for the Eastern District of Virginia conducted a bench trial and found that the ESOP had overpaid for Constellis's stock by approximately $30 million, and refers to the trial court's opinion in *Brundle v. Wilmington Trust N.A.*, 241 F. Supp. 3d 610 (E.D.V.A. 2017, *aff'd*, 919 F.3d 763 (4th Cir. 2019) ("Brundle") for a full statement of the court's findings.

8. Denies, except admits that, upon information and belief, Wilmington alone paid the cost of making the ESOP whole for the damages assessed in the *Brundle* judgment and that Wilmington seeks to hold Stout accountable for alleged damages.

## THE PARTIES

9. Admits.

10. Admits.

11. Admits.

## JURISDICTION AND VENUE

12. Admits, except denies that Stout engaged in any tortious acts in New York.

13. Admits.

14. Admits.

## FACTUAL BACKGROUND

15. Admits.

16. Admits.

17. Admits.

18. Admits.

19. Admits, except allege that Wilmington had fiduciary duties as the trustee of the Constellis ESOP which required Wilmington to, among other things, fulfill its own duties of prudence and care with respect to its relationship with Stout.

20. Denies.

21. Denies.

22. Admits that the language quoted in this paragraph of the Complaint appears in the Agreement, denies the reference in the paragraph to "among other things," and refers to the Agreement and its Professional Terms for a full statement of its terms and conditions.

23. Admits that the language quoted in this paragraph of the Complaint appears in the Agreement and refer to the Agreement and its Professional Terms for a full statement of its terms and conditions.

24. Admits that the language quoted in this paragraph of the Complaint appears in the Professional Terms of the Agreement and refers to the Agreement and its Professional Terms for a full statement of their terms and conditions.

25. Admits that the language quoted in this paragraph of the Complaint appears in the Professional Terms of the Agreement and refers to the Agreement and its Professional Terms for a full statement of their terms and conditions.

26. Admits.

27. Admits.

28. Admits, except denies knowledge or information sufficient to form a belief as to whether any Wilmington representative received the Draft Report in Arizona.

29. Denies, except admits that shortly thereafter El-Tahch and Levine presented Stout's preliminary analysis in the conference call referred to.

30. Denies, except admits upon information and belief that after the conference call referred to, Wilmington began to negotiate terms for the Transaction.

31. Denies that Stout participated in the negotiations, except admits that Stout's work included reassessing the potential transaction as deal terms involved and reviewing deal documents as requested.

32. Denies, except admits that Stout provided feedback to Wilmington when requested.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except admits that at the conclusion of negotiations Wilmington tentatively agreed to terms for the ESOPs purchase of Constellis stock.

34. Admits.

35. Admits and alleges that the Final Report and fairness opinion dated December 20, 2013 were issued at closing.

36. Denies knowledge or information as to whether any Wilmington representatives in Arizona received the Final Report and fairness opinion.

37. Admits.

38. Admits.

39. Admits.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

41. Denies, except admits that Stout knew that it was under a duty to provide services to Wilmington pursuant to the terms of the Agreement.

42. Denies, except admits that Stout knew that Wilmington would rely upon its fairness opinion, subject at all times to Wilmington's overriding duty to discharge its own fiduciary duty under ERISA.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

44. Admits.

45. Admits, except to the extent the allegations of the paragraph in the Complaint require a legal conclusion as to which Stout neither admits nor denies.

46. Admits.

47. Admits that Stout maintained to Wilmington that Stout's work was appropriate and reasonable and denies the remainder of the allegations in this paragraph of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

49. Admits.

50. Denies, except admits that Stout assisted Wilmington in defending Stout's work and defended its valuation through its testimony as a nonparty witness.

51. Admits.

52. Admits, and refers to the District Court's factual findings for a full statement thereof.

53. Denies, except refers to the District Court's factual findings for a full statement thereof.

54. Admits.

55. Admits.

56. Admits.

57. Admits, but states that upon information and belief CSG was not named "CSG International".

58. Admits.

59. Admits.

60. Admits.

61. Admits.

62. Admits.

63. Admits.

64. Admits.

65. Admits.

66. Admits.

67. Admits.

68. Admits.

69. Admits that after the November 14, 2013 meeting Wilmington and its counsel began to negotiate the terms of the Transaction, but denies that Stout participated in such negotiations, and denies that the Brundle court made a factual finding that Stout participated in the negotiations with the selling shareholders.

70. Admits that by November 22, 2013 Wilmington and its counsel had negotiated a per-share price of $4235 along with other terms of the Transaction but denies that Stout participated in such negotiations and denies that the Brundle court made a factual finding that Stout participated in the negotiations.

71. Admits.

72. Admits.

73. Admits.

74. Admits.

75. Denies and further alleges that the court found that "Wilmington has not proven by a preponderance of the evidence that the ESOP paid no more than adequate consideration in 2013 when it purchased Constellis' stock, and therefore had not met its burden". 241 F. Supp. 3d at 634.

76. Denies and further allege that the court found that Wilmington "has not demonstrated that its reliance on SRR's report was 'reasonably justified' in light of all the circumstances because it has not shown that it thoroughly probed the gaps and internal inconsistencies in that report." Id.

77. a. Denies.

    b. Denies, except admits that management was to receive a cash bonus of 5% of the total purchase price.

    c. Denies, except admits that management was eligible to receive stock appreciation rights ("SARS") that were tied to the company's equity value.

    d. Denies, except admits there was an audit.

    e. Denies, except admits much of Constellis' revenue derived from two contracts.

    f. Denies, except admits that Stout received the prior projections prepared by Constellis for the Vestar transaction and did not send them to Wilmington, and alleges that Wilmington knew about Vestar's proposed purchase and should have recognized that Constellis must have prepared previous projections. *Id.* at 637-38.

    g. Admits that the court found that Wilmington did not adequately consider the impact of the two pending acquisitions on Constellis' projections.

78. a. Admits.

   b. Denies.

   c. Denies.

79. a. Admits that the Brundle court found that the ESOP could not exercise certain prerogatives of control over Constellis.

   b. Denies.

80. a. Denies.

   b. Admits.

81. a. Admits.

   b. Denies.

82. Denies.

83. Denies, except admits that the Brundle court's opinion included the table set forth in this paragraph of the Complaint.

84. Denies that the court held that Stout made errors, except admits that Wilmington was liable because it had not "thoroughly probed the gaps and internal inconsistencies in [Stout's] report".

85. Admits.

86. Admits.

87. Admits, upon information and belief

88. Admits.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

89. – 99. The cause of action for breach of contract in the Complaint was dismissed pursuant to this Court's Opinion and Order dated March 23, 2021 [Dkt. 35].

## SECOND CAUSE OF ACTION
### (Negligence)

100 – 114. The cause of action for negligence in the Complaint was dismissed pursuant to this court's Opinion and Order dated March 23, 2021 [Dkt. 35].

## THIRD CAUSE OF ACTION
### (Contribution)

115. The responses to each of the paragraphs incorporated by reference within this paragraph of the Complaint are repeated and realleged as if fully set forth herein.

116. Denies.

117. Denies.

118. Denies.

119. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint.

120. Denies.

121. Admits.

122. a-e. Denies.

123. Denies.

124. Denies.

125. Denies.

126. Denies.

127. Denies.

128. Admits.

129. Denies.

130. No response is required to Wilmington's demand for a jury trial.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

131. Wilmington's contribution claim fails to state a claim upon which relief may be granted as it fails to allege joint tortious conduct by Wilmington and Stout which produced harm to Brundle individually or as representative of the Constellis ESOP.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

132. Wilmington's contribution claim is barred by the doctrine of collateral estoppel, as the findings of fact decided by the Brundle court, which resulted in its holding that Wilmington was liable for permitting a prohibited transaction in violation of 29 U.S.C. §1106 (a) (1) (A) and breaching its fiduciary duty, are binding on Wilmington in this action. Wilmington's conduct as found in the Brundle action constitutes an intervening and superseding cause of any damages or injuries alleged in Wilmington's complaint, including its payment of the judgment in the Brundle action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

133. Any damages or injuries alleged in Wilmington's Complaint, including its payment of the judgment in the Brundle action, were due to, caused and occasioned by the contributory negligence, recklessness, willfulness and/or breach of fiduciary duty of Wilmington, which acts and omissions, even if combining and concurring with those of Stout, if any (and Stout expressly denies the same), directly and proximately caused any damages or injuries to the Brundle plaintiff and constitute an intervening and superseding cause that bars Wilmington's claim against Stout.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

134.    Wilmington's claim for contribution is barred under the doctrine of waiver by reason of, among other things, Wilmington's failure to comply with the provisions of the Professional Terms in the Agreement requiring that Wilmington provide timely notice to Stout of any nonconformance with Stout's warranty with respect to the services performed by Stout.

**WHEREFORE**, Stout respectfully demands judgment,

    (i) Dismissing the Complaint with prejudice;

    (ii)  Awarding Stout the costs of this action; and

    (iii) Awarding Stout such other and further relief as the Court deems just and proper.

Dated: April 6, 2021

**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

By:    /S/ Lawrence S. Hirsh
       Lawrence S. Hirsh

**875 Third Avenue, 9th Floor
New York, New York 10022
(212) 603-6300**

*Attorneys for Defendant*