ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

WILMINGTON TRUST, N.A., as successor to Wilmington
Trust Retirement and Institutional Services Company,

        Plaintiff,

-against-

STOUT RISIUS ROSS, INC.,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/21

~~PROPOSED~~
**SCHEDULING ORDER**

Civil Case No.: 1:20-cv-02505-LLS-KHP

This proposed Scheduling Order Civil Case Management Plan (the "Scheduling Order") is submitted by the parties in accordance with the Court's Order for Conference Pursuant to Rule 16(b). (Dkt. 39).

1. A tele-conference with the Court is scheduled for Friday, May 14 at 12:30 p.m. Appearing on behalf of Plaintiffs will be Melissa N. Subjeck, Esq., of Hodgson Russ LLP. Appearing on behalf of Defendant will be Lawrence S. Hirsh, Esq. and Andrew T. Lolli, Esq., of Robinson Brog Leinwand Greene Genovese and Gluck, P.C.

2. The Court's Order dated March 23, 2021, which granted in part and denied in part Defendant's motion to dismiss (Dkt. 35), set forth a concise statement of facts and issues of this action.

3. (a) The parties have identified the following individuals as potential witnesses, and intend no more than 10 depositions per side, pursuant to FRCP 30, with depositions to be completed on or before February 28, 2022:

    (i) Greg Golden, Wilmington vice president and member of the Fiduciary Services Subcommittee of Wilmington ("FSSC");

    (ii) Jennifer Matz, Wilmington vice president and chair of the FSSC;

    (iii) John Lindak, member of FSSC;

    (iv) Boyd Mannix, member of the FSSC;

    (v) Karen Bonn, member of the FSSC and Wilmington's liaison with Constellis;

    (vi) Walter Dennis Summers, Taylor English, counsel for Wilmington in the Constellis transaction;

(vii)   Aziz El-Tahch, Stout;

(viii)  Scott Levine, Stout;

(ix)    Andrew C. Smith, McLean Group, performed prior valuations of Constellis;

(x)     Jeffrey Tarbell, Houlihan Lokey, was Wilmington's expert in the Constellis case;

(xi)    Robert Barnett, Wilmington head of Retirement Distribution;

(xii)   Wilmington 30(b)(6) witness to be determined;

(xiii)  George Thacker, CSG, Constellis's investment advisor;

(xiv)   Thomas Katis, founder, Constellis;

(xv)    Matthew Mann, founder, Constellis;

(xvi)   Ignacio Balderas, Chief Executive Officer, Constellis;

(xvii)  Tom Magnani, Chief Financial Officer, Constellis;

(xviii) Juliet Protas, General Counsel, Constellis;

(xix)   Dana Messina, CEO, Kirkland Messina, plaintiffs' expert in the Constellis case;

(xix)   Stout 30(b)(6) witness to be determined; and

(xxi)   Raymond Randall, Director of Financial Planning & Analysis, Constellis.

Given that discovery has not yet commenced in this action, the parties reserve their rights to amend the deposition list as additional facts and information become available. In addition, the above should not be construed as a waiver by either party of any objection to any of the depositions set forth above, the right to which the parties expressly reserve.

(b) Initial document requests will be served via email within forty-five (45) days from the entry of this Order and document production shall commence thirty (30) days from the date the document requests are served.

(c) Experts' reports, if any, will be supplied to the adversary side on or before March 18, 2022; Rebuttal experts' reports, if any, will be supplied to the adversary side on or before April 18, 2022.

{01099156.DOCX;2 }                                    2

      (d) Discovery will be complete on or before May 13, 2022.

4. The parties anticipate submitting to the Court a proposed confidentiality order on or before May 28, 2021.

5. To date, counsel for the parties have not disagreed on any discovery issues.

6. The Parties anticipate expert testimony on the following issues:

    (a) the customs, practices, processes, standards, and methodologies employed by valuation specialists in the valuation and appraisal of closely held companies for the purpose of an ESOP transaction;

    (b) the duties, practices, and processes required of an ESOP trustee in connection with an ESOP transaction; and

    (c) Plaintiff's alleged damages arising from its alleged payment of more than its fair and equitable share of the Judgment entered in the *Brundle v. Wilmington Trust, N.A.* action.

7. The parties anticipate the length of the trial to be four to five days.

/s/ Melissa N. Subjeck  
Melissa N. Subjeck, Esq.  
*Counsel for Plaintiff*

/s/ Lawrence S. Hirsh  
Lawrence S. Hirsh, Esq.  
*Counsel for Defendant*

---

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

The next Case Management Conference is scheduled for March 11, 2022 at 12:30 PM  LLS

This ORDER may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

Louis L. Stanton  
United States District Judge

Dated: New York, New York  
May 14, 2021

{01099156.DOCX;2 }      3

002000.11293 Litigation 15857527v1