UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/3/21

WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,

Plaintiff,

-against-

STOUT RISIUS ROSS, INC.,

Defendant.

Civil Case No.:
1:20-cv-02505-LLS-KHP

## CONFIDENTIALITY STIPULATION AND ORDER

The Court enters this Confidentiality Stipulation and Order ("Stipulation and Order") upon the request of the plaintiff Wilmington Trust, N.A., and the defendant Stout Risius Ross, Inc. (together, the "Parties," or individually, a "Party"), for the purpose of assuring the confidentiality and protection of confidential information that may be disclosed in the course of discovery proceedings by the Parties or, as appropriate, any non-party to this action.

1. As used in this Stipulation and Order, the term "Confidential Information" includes any material or information ("Material") that is disclosed in the course of discovery proceedings in this action by the Parties or, as appropriate, any non-party that is deemed in good faith by the disclosing party to contain (a) trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) private or confidential personal or customer information; or (c) information received in confidence from third parties. Any Party to this litigation and any disclosing non-party shall have the right to designate such

Confidential Information as "Confidential" or "Highly Confidential – Attorney's Eyes Only," as that designation is defined in Paragraph 2.

2. As used in this Stipulation and Order, "Highly Confidential – Attorney's Eyes Only" includes any Confidential Information that is deemed in good faith by the disclosing party to contain highly sensitive business, personal, or customer information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. "Highly Confidential – Attorney's Eyes Only" shall not be used as a designation for information or items that have previously been disclosed to personnel of either Party who are not attorneys for that Party.

3. A Party or non-party producing Confidential Information shall, at or before the time of disclosure, designate such Confidential Information as "Confidential" or "Highly Confidential – Attorney's Eyes Only" in one or more of the following ways:

    a. Information set forth in an answer to an interrogatory may be so designated by including a clear statement in the answer that the answer is "Confidential" or "Highly Confidential – Attorney's Eyes Only."

    b. Information contained in any document or part thereof may be so designated by marking the words "Confidential" or "Highly Confidential – Attorney's Eyes Only" on each page of the document and all copies of it.

    c. Information contained in an answer to any question asked during an oral deposition may be designated "Confidential" or "Highly

Confidential – Attorney's Eyes Only" by a statement made on the record during the course of the deposition on the same day that the answer is given or by a writing served by e-mail or first class mail within thirty days of receiving the deposition transcript. All testimony shall be deemed "Confidential" until that 30-day period has expired. After that 30-day period has expired, only that testimony that has been designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" according to the above-listed procedures shall be deemed "Confidential" or "Highly Confidential – Attorney's Eyes Only" in accordance with this Stipulation and Order. The court reporter or stenographer shall bind the "Confidential" or "Highly Confidential – Attorney's Eyes Only" testimony in separate volumes and mark the face of the transcript to indicate its confidential nature and production pursuant to this Stipulation and Order.

4. Confidential Information disclosed during the course of discovery proceedings in this action shall be subject to the following requirements:

    a. Confidential Information shall be used only for purposes of this action.

    b. Confidential Information shall not be published to the general public in any form or used for any business or commercial purposes.

c.  Confidential Information shall be disclosed only to the following persons and only insofar as it is reasonably necessary to the prosecution or defense of this action:

(1) A Party and its employees, officers, and directors to whom disclosure is reasonably necessary for purposes of the litigation;

(2) Attorneys of record for the Party, including any attorneys employed or retained by a law firm of record that represents the Party and in-house counsel for a Party;

(3) Secretarial, clerical, and paralegal personnel employed full-time or part-time by attorneys or a law firm that represents the Party seeking the information;

(4) Independent expert witnesses, advisors, and consultants retained in connection with this action, and their full or part-time technical, secretarial, or clerical staff, or other personnel;

(5) Non-party witnesses to whom disclosure is reasonably necessary for purposes of the litigation, but only to the extent that such witnesses agree to be bound by the terms of this Stipulation and Order;

(6) Court reporters or stenographers engaged to record deposition testimony, and their employees; and

    (7) Such other persons as may be authorized by agreement of the Parties or disclosing non-party or by the Court upon motion of any Party.

  d. If Confidential Information is disclosed to any person other than in the manner authorized by this Stipulation and Order, the person responsible for the disclosure shall, immediately upon learning of such disclosure, inform the disclosing Party or non-party of all pertinent facts relating to such disclosures and use their best efforts to retrieve the Confidential Information.

  e. Confidential Information shall not be electronically transmitted or physically transported to anywhere outside the United States of America.

  5. A copy of this Stipulation and Order shall be delivered to each person within categories 4, 5, and 7 of paragraph 4(c) above to whom a disclosure of Confidential Information is made, at or before the time of disclosure, and no disclosure shall be made to such person unless and until such person agrees in writing to be bound by the provisions of this Stipulation and Order as provided in the "Agreement to be Bound by Confidentiality Stipulation and Order" attached as **Exhibit A.**

  6. Confidential Information designated as "Highly Confidential – Attorney's Eyes Only" that is disclosed during the course of discovery proceedings in this action may not be disclosed to any persons listed in paragraph 4(c)(1) of this Stipulation and Order (a party, its employees, officers, and directors), except for in-house counsel for a Party, unless expressly authorized by the disclosing Party or non-party. All other provisions of this Stipulation and

Order that apply to Confidential Information generally shall apply to Confidential Information designated as "Highly Confidential – Attorney's Eyes Only."

7. Any person who receives Confidential Information pursuant to this Stipulation and Order may not disclose that information except to the persons designated hereinabove and to the extent permitted herein.

8. Secondary documents, including but not limited to, notes, memoranda, analyses, and briefs that are prepared from any Material that contains Confidential Information shall be treated in the same fashion as the underlying Material.

9. With respect to any Material designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only," the receiving Party may at any time notify the designating Party or non-party in writing that the receiving Party objects to the designation and must provide the basis for the objection. Counsel for the designating Party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is properly designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only." If no timely written response is made to the objection, the challenged designation will be deemed void unless good cause is shown. The designating Party or non-party and the receiving Party shall then confer in good faith in an effort to resolve their disagreement. If the parties cannot resolve their disagreement, the receiving Party shall present the dispute to the Court either by letter or motion, in accordance with the Court's practices and rules, seeking to remove the confidential designation. The Confidential Information that is the subject of the disagreement shall be treated as originally designated pending resolution of the dispute.

10. The obligation of confidentiality under this Stipulation and Order shall not apply to Material: (i) which is or has become public knowledge other than as a direct or indirect result of the information being disclosed in breach of this Stipulation and Order; (ii) which is already known to the receiving Party prior to such disclosure or is disclosed to the receiving Party by a person having no duty of confidentiality with respect to such information; and (iii) to the extent that such disclosure is required by any law or regulation, any order of any court of competent jurisdiction or any competent judicial, governmental or regulatory body, or by the law, subject to paragraph 17 below.

11. The provisions of this Stipulation and Order shall not be construed as preventing:

   a. Any disclosure of Confidential Information by the parties designating the information as such in any other action; or

   b. Any disclosure of Confidential Information to any judge, law clerk, or employee of this Court for purposes of this action, subject to paragraph 12 below.

12. All Confidential Information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only "Confidential" or "Highly Confidential – Attorney's Eyes Only" portions of filings with the Court shall be filed under seal.

13. The inadvertent production of information or documents by a Party or non-party shall not in itself be deemed to waive any claim of attorney-client privilege, attorney

work-product protection, or other privilege that might exist with respect to such document or other documents or communication, written or oral, including without limitation, other communications referred to in the documents or information produced. Upon learning of an inadvertent disclosure, the disclosing Party or non-party may timely notify in writing the receiving Party that said production was inadvertent and demand the return of the assertedly privileged material. On such timely demand, the receiving Party shall retrieve and return all copies of such information, documents and/or things to the disclosing Party or non-party within five business days of receipt of such notice and shall not further disclose or use the information contained in such items for any purpose until order of the Court.

14. An inadvertent failure to designate Material as Confidential Information does not waive the designating Party or non-party's right to secure protection for such Material. If Material is appropriately designated as Confidential Information after the Material was initially produced, the receiving Party, upon being timely notified of the designation, must treat the Material in accordance with this Stipulation and Order, including retrieving all copies and excerpts of any re-designated Material from persons not entitled to receive it.

15. A Party who seeks to file with the Court any Confidential Information and/or any pleading, brief, or memorandum which reproduces, paraphrases, or discloses such information, shall follow the procedures set forth in FRCP 5.2, Individual Practice Rule 3 of Judge Louis L. Stanton, and the associated CM/ECF Administrative Procedures Guide for sealing documents.

16. In the event production of documents and/or testimony is sought by subpoena from a non-party, the Party issuing the subpoena shall notify the non-party of this Stipulation and Order. The disclosing non-party may also designate material and testimony as

"Confidential" or "Highly Confidential – Attorney's Eyes Only" under this Stipulation and Order. The Party issuing the subpoena shall forward a copy of all documents produced in response to the subpoena to opposing counsel. If opposing counsel determines that such documents include "Confidential" or "Highly Confidential – Attorney's Eyes Only" Material by using the same criteria as set forth in paragraphs 1 and 2 above, opposing counsel may designate such documents accordingly, within 20 days after receipt. All documents and materials produced in response to subpoenas directed to non-parties shall be deemed "Confidential" until that 20-day period has expired notwithstanding whether the non-party has made such a designation. After that 20-day period has expired, only those documents or materials that have been designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" according to the above-listed procedures shall be deemed Confidential Information in accordance with this Stipulation and Order.

17. If any Confidential Information is the subject of, or responsive to, a subpoena, court order, or rule requiring its disclosure, the Party seeking to comply with the subpoena, court order, or rule will provide immediate notice to the producing Party or non-party through its counsel. The Party seeking to comply with the subpoena, court order, or rule shall not object to the producing Party or non-party's appearance to protect its interest in maintaining the information as "Confidential" or "Highly Confidential – Attorney's Eyes Only." The Party seeking to comply with the subpoena, court order, or rule will not respond to any such subpoena, court order, or rule until the producing Party or non-party has had a reasonable opportunity to seek appropriate relief from the Court, including, but not limited to, a motion for a protective order.

18.   Witnesses at depositions taken during this action may be shown any Confidential Information without restriction during the course of their deposition and a Party's ability to use, exhibit, or disclose such Material at depositions taken in this action shall not be limited. Such use will not be deemed a waiver of the provisions of this Stipulation and Order. The Party using Confidential Information during a deposition shall notify the court reporter of this Stipulation and Order. Whenever Confidential Information is to be discussed or disclosed in a deposition, counsel for any Party may require the exclusion from the room of any person who is not entitled to receive the Confidential Information under this Stipulation and Order, except the witness, his or her counsel, the court reporter, and, if applicable, the videographer.

19.   Nothing herein shall be construed as a waiver of the right of any Party to object to the admissibility of any evidence where such objection is based on a ground or grounds other than that the evidence involves Confidential Information, and nothing herein shall be construed as an agreement that any Confidential Information shall be withheld from or excluded from evidence in this action.

20.   Nothing in this Stipulation and Order shall be deemed an acknowledgement by any Party that discovery of Confidential Information is reasonably likely to lead to the discovery of admissible evidence in this action, or an acknowledgment that particular discovery requests are not burdensome or overbroad or otherwise objectionable.

21.   Upon the conclusion of this litigation, including any and all appeals or further proceedings, all Confidential Information supplied by any Party or non-party, and all copies thereof, shall be returned to the producing Party or non-party or their counsel, or such Confidential Information shall be certified in writing to have been deleted or destroyed, or shall

otherwise be disposed of as ordered by the Court. Counsel may retain one set of all documents related to this litigation for their records.

       22.     The use of "Confidential" or "Highly Confidential – Attorney's Eyes Only" information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

Dated: June 1, 2021
        **HODGSON RUSS LLP**
        *Attorneys for Plaintiff Wilmington Trust, N.A.*

By_s Melissa N. Subjeck_____
    Daniel C. Oliverio, Esq.
    Robert J. Fluskey, Jr., Esq.
    Melissa N. Subjeck, Esq.
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone: (716) 856-4000
*doliverio@hodgsonruss.com*
*rfluskey@hodgsonruss.com*
*msubjeck@hodgsonruss.com*

Dated: June 1, 2021
        **ROBINSON BROG LEINWALD GREENE**
        **GENOVESE & GLUCK, P.C.**
        *Attorneys for Defendant Stout Risius Ross, Inc.*

By_s/Lawrence S. Hirsh_____
    Lawrence S. Hirsh, Esq.
    Andrew T. Lolli, Esq.
875 Third Ave.
New York, New York 10022
Telephone: (212) 603-6300
*lhirsh@robinsonbrog.com*
*atl@robinsonbrog.com*

**SO ORDERED:**

*/s/ Louis L. Stanton*
Hon. Louis L. Stanton
6/3/21

## EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION AND ORDER

The undersigned hereby acknowledges that he/she received a copy of the attached Confidentiality Stipulation and Order in this action, captioned *Wilmington Trust, N.A. v. Stout Risius Ross, Inc.,* (Civil No. 1:20-cv-02505), pending in the U.S. District Court for the Southern District of New York, has read same, and agrees to: (1) be bound by all of the provisions thereof; and (2) submit to the jurisdiction and venue of the U.S. District Court for the Southern District of New York for all matters relating to his/her compliance with the obligations under the Confidentiality Stipulation and Order.

Dated: _____

_____
Name

_____
Signature

002000.11293 Litigation 15863329v3