UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, N.A., as successor to Wilmington Trust Retirement and Institutional Services Company,<br><br>                    Plaintiff,<br><br>    -against-<br><br>STOUT RISIUS ROSS, INC.,<br><br>                    Defendant. | **PROPOSED AMENDED SCHEDULING ORDER**<br><br>Civil Case No.: 1:20-cv-02505-LLS-KHP |

       This proposed Amended Scheduling Order Civil Case Management Plan (the "Scheduling Order") is submitted by the parties in accordance with the Court's Order for Conference Pursuant to Rule 16(b). (Dkt. 39).

1.    A tele-conference with the Court was held on Friday, May 14 at 12:30 p.m. Appearing on behalf of Plaintiffs were Melissa N. Subjeck, Esq. and Cynthia Giganti Ludwig, Esq., of Hodgson Russ LLP. Appearing on behalf of Defendants were Lawrence S. Hirsh, Esq. and Andrew T. Lolli, Esq., of Robinson Brog Leinwand Greene Genovese and Gluck, P.C.

2.    The Court's Order dated March 23, 2021, which granted in part and denied in part Defendant's motion to dismiss (Dkt. 35), set forth a concise statement of facts and issues of this action.

3.    (a) The parties have identified the following individuals as potential witnesses, and intend no more than 10 depositions per side, pursuant to FRCP 30, with depositions to be completed on or before February 28, 2022:

        (i)    Greg Golden, Wilmington vice president and member of the Fiduciary Services Subcommittee of Wilmington ("FSSC");

        (ii)   Jennifer Matz, Wilmington vice president and chair of the FSSC;

        (iii)  John Lindak, member of FSSC;

        (iv)  Boyd Mannix, member of the FSSC;

        (v)   Karen Bonn, member of the FSSC and Wilmington's liaison with Constellis;

(vi) Walter Dennis Summers, Taylor English, counsel for Wilmington in the Constellis transaction;

(vii) Aziz El-Tahch, Stout;

(viii) Scott Levine, Stout;

(ix) Andrew C. Smith, McLean Group, performed prior valuations of Constellis;

(x) Jeffrey Tarbell, Houlihan Lokey, was Wilmington's expert in the Constellis case;

(xi) Robert Barnett, Wilmington head of Retirement Distribution;

(xii) Wilmington 30(b)(6) witness to be determined;

(xiii) George Thacker, CSG, Constellis's investment advisor;

(xiv) Thomas Katis, founder, Constellis;

(xv) Matthew Mann, founder, Constellis;

(xvi) Ignacio Balderas, Chief Executive Officer, Constellis;

(xvii) Tom Magnani, Chief Financial Officer, Constellis;

(xviii) Juliet Protas, General Counsel, Constellis;

(xix) Dana Messina, CEO, Kirkland Messina, plaintiffs' expert in the Constellis case;

(xix) Stout 30(b)(6) witness to be determined; and

(xxi) Raymond Randall, Director of Financial Planning & Analysis, Constellis.

In accordance with the May 14, 2021 Scheduling Order in this case (Dkt. 41), the parties exchanged initial interrogatories and document requests. Given that discovery is in the early stages of this action, the parties reserve their rights to amend the deposition list as additional facts and information become available. In addition, the above should not be construed as a waiver by either party of any objection to any of the depositions set forth above, the right to which the parties expressly reserve.

(b) Additional document requests will be served via email within forty-five (45) days from the entry of this Order and document production shall commence thirty (30) days from the date the document requests are served.

(c) Experts' reports, if any, will be supplied to the adversary side on or before June 16, 2022; Rebuttal experts' reports, if any, will be supplied to the adversary side on or before July 18, 2022.

(d) Discovery will be complete on or before August 11, 2022.

4. The Court entered a confidentiality stipulation and order on June 4, 2021 (Dkt. 44).

5. To date, counsel for the parties have not disagreed on any discovery issues.

6. The Parties anticipate expert testimony on the following issues:

(a) the customs, practices, processes, standards, and methodologies employed by valuation specialists in the valuation and appraisal of closely held companies for the purpose of an ESOP transaction;

(b) the duties, practices, and processes required of an ESOP trustee in connection with an ESOP transaction; and

(c) Plaintiff's alleged damages arising from its alleged payment of more than its fair and equitable share of the Judgment entered in the *Brundle v. Wilmington Trust, N.A.* action.

7. The parties anticipate the length of the trial to be four to five days.

/s/ Melissa N. Subjeck
Melissa N. Subjeck, Esq.
*Counsel for Plaintiff*

/s/ Lawrence S. Hirsh
Lawrence S. Hirsh, Esq.
*Counsel for Defendant*

---

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

The next Case Management Conference is scheduled for _____ at _____.

This ORDER may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

                                                                                                                  _____

                                                                                                                       Louis L. Stanton
                                                                                                  United States District Judge

Dated: New York, New York

_____